UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARANDA CARR | : | CIVIL ACTION NO.: |
| | : | |
| VERSUS | : | |
| | : | SECTION " " |
| IF&P HOLDING COMPANY, LLC, | : | |
| MC PRODUCE, LLC, LANE A. SUTTON, | : | |
| ACUITY, A MUTUAL INSURANCE | : | MAGISTRATE |
| COMPANY, ABC INSURANCE | : | |
| COMPANY | : | |

## COMPLAINT

The Complaint of **MARANDA CARR**, a person of the full age of majority, a resident of and domiciled in the parish of Tangipahoa, State of Louisiana, respectfully represents as follows:

### PARTIES

1.

Made defendants herein are:

A. **IF&P HOLDING COMPANY, LLC**, a limited liability company organized under the laws of the State of Delaware and doing business in the State of Louisiana, with its principal place of business in the State of Indiana;

B. **MC PRODUCE, LLC**, a limited liability company organized under the laws of the State of Delaware and doing business in the State of Louisiana, with its principal place of business in the State of Indiana;

C. **LANE A. SUTTON**, a person of the full age of majority domiciled in the State of Tennessee;

D. **ACUITY, A MUTUAL INSURANCE COMPANY**, a foreign insurer organized under laws of the State of Wisconsin and doing business in the State of Louisiana, with its principal place of business in the State of Wisconsin;

E. **ABC INSURANCE COMPANY**, a yet to be identified insurance company, which at all times material hereto is believed to have provided insurance coverage to **MC PRODUCE, LLC and/or IF&P HOLDING COMPANY, LLC,** for all of the damages complained of herein by Complainant.

(Hereinafter all named defendants may be collectively referred to as the "Defendants").

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 as a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

4.

This action arises from a two-vehicle collision that occurred at the intersection of the I-12 westbound off-ramp and SW Railroad Avenue in Tangipahoa Parish, Louisiana on or about February 24, 2021.

5.

Complainant **MARANDA CARR** was completely stopped in a 2017 Infiniti X60 on the I-12 westbound off-ramp waiting to enter SW Railroad Avenue via the roundabout when suddenly and without warning, her vehicle was forcefully rear-ended by a 2012 Kenworth Truck being driven by defendant **LANE A. SUTTON** and owned by defendants, **IF&P HOLDING COMPANY, LLC and/or MC PRODUCE, LLC**, resulting in a violent collision.

6.

The force and impact of the collision caused complainant **MARANDA CARR** to be violently thrown about in her vehicle.

7.

As a result of the collision, Complainant **MARANDA CARR** suffered and continues to suffer multiple personal, physical, psychological and emotional injuries of a past, present and continuing nature.

8.

Complainant **MARANDA CARR** has undergone medical treatment since the accident and will undergo further medical treatment for injuries sustained as a result of the accident. This includes treatment for, but not necessarily limited to, injuries of her cervical spine, lumbar spine and brain, including, but not limited to, epidural steroid injections and neurological assessments, evaluations and monitoring.

9.

As a result of the accident, Complainant **MARANDA CARR** was and still is limited in her normal activities of daily living. The injuries she sustained also cause her pain and discomfort in her employment.

## **LIABILITY**

10.

At all pertinent times hereto, Complainant **MARANDA CARR** in no way contributed to or caused the accident complained of herein.

11.

The accident at issue herein was solely and proximately caused by the negligence and fault of defendant **LANE A. SUTTON** and directly resulted in property damage, personal bodily injury and other damages to Complainant **MARANDA CARR**.

12.

The accident, injuries and damages to Complainant **MARANDA CARR** described herein were caused by the fault and/or negligence of the defendant **LANE A. SUTTON** in the following non-exclusive ways:

a) Failure to maintain a careful and proper lookout;
b) Failure to observe existing traffic conditions;
c) Failure to observe Complainant's vehicle in due time to avoid hitting same;
d) Inattentiveness;
e) Failure to maintain proper control of his vehicle;
f) Failure to see what he should have seen;
g) Following too closely;
h) Failure to maintain a safe distance;
i) Driving while exhausted and/or sleepy;
j) Driving while distracted;
k) Operating his vehicle in a careless, reckless and imprudent manner without regard for the rights and safety of others;
l) Failure to observe the traffic regulation laws of the designated City, Parish and State;
m) Breaching a legally imposed duty of reasonable care; and
n) All other acts of negligence or fault that may be proven at trial on the merits.

13.

Complainant is informed, believes, and therefore alleges that at all times material hereto, defendant **LANE A. SUTTON** was operating the above described vehicle in the course and scope of his employment with defendants **IF&P HOLDING COMPANY, LLC and/or MC PRODUCE, LLC,** who are responsible for any and all negligence and fault of **LANE A. SUTTON** in connection with the above described accident. Complainant therefore specifically pleads the doctrine of respondeat superior under La. C.C. art 2320.

14.

Complainant alleges that the proximate cause of the accident was the fault and/or negligence of defendants **IF&P HOLDING COMPANY, LLC and/or MC PRODUCE, LLC,** which is described in part but not exclusively as follows:

a) In failing to properly select its employees;

b) In failing to properly train its employees;

c) In failing to properly supervise its employees;

d) In failing to properly monitor its employees;

e) In failing to conduct sufficient background checks on its employees;

f) In negligently putting and/or allowing an unqualified and/or reckless driver to remain on the road;

g) In negligently permitting and allowing its employee **LANE A. SUTTON** to operate a vehicle while experiencing sleep deprivation and/or fatigue;

h) In negligently permitting, allowing or failing to stop its employee **LANE A. SUTTON** from operating a vehicle in violation of 49 C.F.R. §395.3;

i) In negligently permitting, allowing or failing to stop its employee **LANE A. SUTTON** from violating the rules of 49 C.F.R. §390.35 and §395.8 regarding driver records and logs;

j) In failing to establish, adopt, maintain and enforce proper procedures and safety guidelines for its employees to ensure public safety and welfare;

k) In failing to periodically screen and test its employee **LANE A. SUTTON** to monitor and evaluate his safety orientation;

l) In failing to provide periodic, systematic safety and/or defensive driving training for its employee **LANE A. SUTTON**;

m) In failing to provide remedial driving training for its employee **LANE A. SUTTON**;

n) In negligently entrusting its vehicle to defendant **LANE A. SUTTON**;

o) In negligently managing its risk;

p) Any and all acts of negligence, omissions, and/or legal fault that shall be discovered and shown at the time of this trial, including violations of federal, state and city traffic regulations and ordinances.

15.

Complainant further specifically pleads the doctrine of *res ipsa loquitur* in that the accident, injuries and damages she sustained would not have occurred in the absence of the negligence of **LANE A. SUTTON, IF&P HOLDING COMPANY, LLC and MC PRODUCE, LLC.**

## DAMAGES

16.

As a direct result of the negligence and/or fault of defendants **LANE A. SUTTON, IF&P HOLDING COMPANY, LLC and MC PRODUCE, LLC** in causing the accident at issue herein, Complainant **MARANDA CARR** is entitled to recover the following non-exclusive damages, to-wit:

   a) Past and present medical expenses;
   b) Future medical expenses;
   c) Past and present physical pain, suffering, and discomfort;
   d) Future physical pain, suffering, and discomfort;
   e) Past mental pain, anguish, annoyance, and emotional distress;
   f) Future mental pain, anguish, annoyance, and emotional distress;
   g) Bodily injury;
   h) Loss of use/function of parts of body;
   i) Permanent diminished mobility;
   j) Impairment of neurological functioning;
   k) Impairment of psychological functioning;
   l) Past and present loss of enjoyment of life;
   m) Future loss of enjoyment of life;
   n) Past and future loss of wages, as applicable;
   o) Loss and impairment of future earning capacity, as applicable;
   p) Property Damage; and
   q) Other elements of damages to be proven at the trial of this matter.

17.

Complainant **MARANDA CARR** reserves the right to amend and supplement this Complaint as necessary concerning damages.

18.

Complainant is informed, believes, and therefore alleges that at the time of the accident and all other pertinent times hereto, there was in full force and effect a policy of liability insurance issued by defendant **ACUITY, A MUTUAL INSURANCE COMPANY** to and in favor of defendants **IF&P HOLDING COMPANY, LLC and/or MC PRODUCE, LLC,** covering its

employee **LANE A. SUTTON** and the vehicle he was operating, and which policy afforded coverage for damages of the nature asserted herein against said defendants, and which policy inures, *inter alia*, to the benefit of Complainant under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Complainant to maintain this direct action against the said insurer, and rendering said insurer liable, jointly, severally and *in solido*, with the other defendants unto Complainant for the damages sued for herein.

19.

Complainant is informed, believes, and therefore alleges that at the time of the accident and all other pertinent times hereto, there was in full force and effect a policy of liability insurance issued by defendant **ABC INSURANCE COMPANY**, a yet to be identified insurance company, to and in favor of defendants **IF&P HOLDING COMPANY, LLC and/or MC PRODUCE, LLC,** covering its employee **LANE A. SUTTON** and the vehicle he was operating, and which policy afforded coverage for damages of the nature asserted herein against said defendants, and which policy inures, *inter alia*, to the benefit of Complainant under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:1269, thereby entitling Complainant to maintain this direct action against the said insurer, and rendering said insurer liable, jointly, severally and *in solido*, with the other defendants unto Complainant for the damages sued for herein.

20.

**LANE A. SUTTON, IF&P HOLDING COMPANY, LLC, MC PRODUCE, LLC, ACUITY, A MUTUAL INSURANCE COMPANY, and ABC INSURANCE COMPANY** are therefore liable individually, jointly, vicariously and *in solido*, for the damages sustained by Complainant **MARANDA CARR** as a result of the aforementioned accident.

21.

Complainant prays that all expert witness fees incurred in proving liability and damages for the complained of accident be taxed as costs of court to Defendants.

**PRAYER**

**WHEREFORE,** Complainant **MARANDA CARR** prays that defendants **LANE A. SUTTON, IF&P HOLDING COMPANY, LLC, MC PRODUCE, LLC, ACUITY, A MUTUAL INSURANCE COMPANY,** and **ABC INSURANCE COMPANY** be served with a copy of this Complaint, together with citation, and be required to answer same within the delays allowed by law, and that after all legal delays and due proceedings are had, there be judgment rendered herein in favor of Complainant and against the defendants jointly, severally, vicariously and *in solido*, for such sums as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, that all expert witness fees be taxed as costs of court and for all general and equitable relief.

Respectfully Submitted,
**THE THROWER LAW FIRM, LLC**

/s/ Jason B. Thrower
Jason B. Thrower, Bar Roll No. 30761
830 Main Street
Baton Rouge, LA 70802
Tel: (225) 250-1030
Fax: (225) 250-1029
***Attorney for Plaintiff***