UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARANDA CARR | * | CIVIL ACTION |
| VERSUS | * | NO. 22-480 |
| IF&P HOLDING COMPANY, LLC, ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is a Motion to Compel Independent Medical Examinations filed by Defendants IF&P Holding Company, LLC, MC Produce LLC, Lane A. Sutton, and Acuity.  ECF No. 34.  Plaintiff Maranda Carr filed an Opposition Memorandum.  ECF No. 36. Defendants filed a Reply Memorandum.  ECF No. 37.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants'  Motion to Compel (ECF No. 34) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

Plaintiff filed suit after sustaining injuries on February 24, 2021 in a collision with a truck driven by Defendant Lane Sutton and owned by Defendants IF&P Holding Company, LLC and/or MC Produce, LLC.  ECF No. 1 ¶5.  Trial is scheduled for May 13, 2024, with a discovery deadline of March 1, 2024.  ECF No. 33.

Defendants move to compel Plaintiff to submit to two independent medical examinations ("IMEs"), one by neuropsychologist Dr. Michael Chafetz and the other by neurosurgeon Dr. Najeeb M. Thomas.  ECF No. 34.  Defendants argue that Plaintiff seeks to limit the length and scope of Dr. Chafetz's exam and impose other improper conditions, specifically:

(1) 9:00 a.m. arrival at medical office;
(2) Mental examination only;

1

(3) List of neuropsychological tests used, and raw data obtained from each test, procedure, or interview provided to plaintiff's treating neuropsychologist within seven days of completing examination;

(4) Dr. Chafetz may ask only limited questions regarding the accident as necessary to perform his assessment;

(5) The examination would be limited to seven hours;

(6) Defendants will reimburse Plaintiff for mileage of 65.5 cents per mile for travel to and from appointment; and

(7) Plaintiff may have one friend or relative "present nearby in Dr. Chafetz's office during the examination" with whom Plaintiff would be permitted to visit during breaks as needed. The friend or relative would not observe, participate in, interrupt, or otherwise disturb the examination.

*Id*. at 16-17. Defendants seek to compel an examination "without conditions or other unsuitable parameters" and not limited in temporal scope. *Id*. at 13-14. Defendants assert that Dr. Chafetz has advised that Plaintiff's conditions are "non-starters" as they would materially interfere with his ability to perform the examination and potentially result in nullification of his testing, analysis, and final opinions. *Id*. at 17. Defendants further assert that Dr. Chafetz's questioning of Plaintiff should not be limited and that, if Plaintiff deems any of the topics discussed inappropriate, she may seek to exclude such evidence from trial. *Id*. at 19. Defendants object to third-party observation of the examination and advanced notice to plaintiff of the specific tests to be performed as both have the potential to invalidate the examination. *Id*. at 20.

Defendants likewise object to Plaintiff's proposed limitations to neurosurgeon Dr. Thomas' examination, specifically:

(1) Physical examination only of only Plaintiff's neck and lower back;

(2) No invasive procedures, radiological or other diagnostic imaging tests;

(3) Plaintiff may be asked only limited questions regarding the incident;

(4) The examination will be no longer than three hours; and

(5) Plaintiff may record the examination via video and/or audio or have a friend or family member present during the examination.

*Id*. at 21 (citing Exhibit 5, Thomas Proposed Stipulations). Defendants aver that these limitations are unduly burdensome, contrary to law and almost identical to the ones this Court has rejected in other cases. Defendants seek to compel Plaintiff's attendance at an IME with Dr. Thomas, free

from temporal limitations and without third-party observers or recordings.  *Id*. at 22. Defendants further request that Dr. Thomas' examination not be limited to Plaintiff's neck and lower back and that Dr. Thomas be permitted to question Plaintiff on all topics relevant to his assessment.  *Id*.  at 22-23.   Finally, Defendants request an award of all costs and attorneys' fees incurred in bringing this motion, including reimbursement of the $1,875.00 expense incurred for cancellation of the appointment with Dr. Chafetz.  *Id*. at  24-25.

Plaintiff opposes the motion, arguing that Defendants' request that Plaintiff submit to an IME by Dr. Chafetz for an undetermined amount of time is both unreasonable and unsupported by the law. ECF No. 36.  She further argues that her treating neuropsychologist evaluated her in approximately six hours, so Dr. Chafetz should be permitted to examine Plaintiff for no more than seven hours.  *Id.* at 3-5.  Plaintiff also avers that Rule 35 requires that a court order direct an examination and specify the time, place, manner, conditions, and scope of the examination, hence the court should limit the examination to a "reasonable time not to exceed seven (7) hours."  *Id*. at 4-5.  Plaintiff further argues that Dr. Chafetz's examination should be limited to a specific battery of neuropsychological tests, a list of which must be provided to Plaintiff before the examination. *Id*. at 5-6.

As to Dr. Thomas' examination, Plaintiff contends that Defendants fail to specify the scope or extent of the examination, disclose what his routine IME entails, specify the anticipated duration of the examination, or explain why Dr. Thomas should be allowed to perform his examination without limitation of the body parts to be assessed.  *Id*. at 6.

In Reply, Defendants contend that they understand the court's duty under Rule 35 to set the parameters of both IMEs and request that the court "consider the realities of the issues" when doing so.  ECF No. 37.  Defendants also argue that they have established good cause for the IMEs

to proceed as requested given the severity of Plaintiff's alleged injuries, the calculations recently produced in Plaintiff's expert's life care plan, and the physician's explanations of the requisite parameters of their examinations.  *Id*. at 2-3.  Dr. Chafetz has made clear, Defendants assert, that he will perform "standard forensic neuropsychological tests," which tests are proprietary, subject to modification during the patient interview, and should not be disclosed to patients prior to examination.  *Id*. at 4.  Defendants note that, while Plaintiff's neuropsychologist has served as her treating clinical physician, Dr. Chafetz will perform a singular forensic neuropsychological exam, which evaluation is more detailed, labor intensive, and thorough than a routine office visit.  *Id.* at 5-6.  Defendants urge the court to apply the logic espoused in *Ornelas v. Southern Tire Mart, LLC*[1] by allowing the examining specialists to conduct their examinations in the time reasonably needed to assess Plaintiff's physical conditions in order to render an expert opinion, bearing in mind their professional and ethical duties.  *Id*. at 7-8.

## II.   <u>APPLICABLE LAW</u>

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes an independent medical examination ("IME") when a party puts his mental or physical condition in controversy.   The court may issue an IME order "on motion for good cause and on notice to all parties and the person to be examined" and such order must specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2). Rule 35 "should be liberally construed in favor of discovery."[2]  The decision as to whether or not

---

[1] 292 F.R.D. 388 (S.D. Tex. 2013).

[2] *Y & S Marine, Inc. v. Maza*, No. 11-1425, 2011 WL 5825715, at *1 (E.D. La. Nov. 17, 2011) (citation omitted); *see also Dixon v. Greyhound Lines, Inc*., No. 13-179, 2014 WL 37284, at *3 (M.D. La. Jan. 6, 2014) (citing *Barcia v. ENI U.S. Operating Co., Inc*., No. 05–4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Fla. Marine Transps., Inc*., No. 04–0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006))); *Lahr v. Fulbright & Jaworski, L.L.P*., 164 F.R.D. 204, 207 (N.D. Tex. 1996).

to order an independent medical examination under FED. R. CIV. P. 35(a) rests in the court's sound discretion.[3]

### A.  Standard for Ordering IMEs

A party seeking an IME must generally satisfy two requirements: (1) the party's physical or mental condition must be in controversy; and (2) the moving party must show good cause as to why the motion should be granted.[4]  The movant must affirmatively show that each condition for which examination is sought is "really and genuinely in controversy" and that good cause exists for ordering each particular examination.[5]  Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.[6]

### B.  Parameters for IME

Rule 35 requires that the parties specify the scope of the examination.  FED. R. CIV. P. 35. Defendants have indicated that Dr. Chafetz will perform a forensic neuropsychological examination and Dr. Thomas will perform a standard neurosurgical examination.  ECF No. 37 at 3.  Plaintiff has requested that a specific list of the tests to be performed be provided to her in advance of Dr. Chafetz's examination.  ECF No. 36 at 5.  Defendants object to providing a test-by-test list because Dr. Chafetz has expressed concern with disclosing the testing in advance, the tests are proprietary, and the testing battery is best ascertained once the physician has had a chance to interview the patient.  ECF No. 37 at 4.

Strict application of Rule 35 would require this Court to specify the scope of the examination in its order granting the IME, and the failure to specify the precise details of the

---

[3] *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Coca–Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)), *aff'd*, 68 F.3d 472 (5th Cir. 1995).

[4] *See Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990); *Y & S Marine*, 2011 WL 4807706, at *2 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964)), *aff'd*, 2011 WL 5825715 (E.D. La. Nov. 17, 2011).

[5] *Y & S Marine*, 2011 WL 4807706, *2 (citing *Schlagenhauf*, 379 U.S. 104, 118 (1964)).

[6] *In re Oil Spill by Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf*, 379 U.S. at 118)).

examination could justify denial of the motion.[7]  That said, courts regularly grant requests for examination and order the parties to confer regarding the specifics or obtain a further order specifying the details for the examination.[8]  Other courts have required pre-examination disclosure of a list of potential tests that will comprise the "universe of tests" that the examining physician intends to conduct.[9]

The duration of an examination varies depending on the particulars of the examination, with courts approving examinations extending from three to fourteen hours.[10]  Without the specifics as to the anticipated length of time needed by the examiner, courts are reluctant to impose arbitrary time limitations for fear that an arbitrary timeline will interfere with Rule 35's purpose.[11]  Courts typically expect that the examining physician will conduct the examination in the time reasonably needed to assess plaintiff's physical condition as necessary to render an expert medical opinion.[12]

Courts require "special circumstances" that call for a protective order tailored to the specific problems presented when a party seeks the presence of a third party or to record the examination.[13]  The party seeking the presence of a third party at a Rule 35 examination bears the

---

[7] *Ornelas*, 292 F.R.D. at 397-98 (quoting *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 623 (D.Kan.1999) and citing cases).

[8] *Id.* at 398 (collecting cases).

[9] *See, e.g., Newman v. San Joaquin Delta Cmty. Coll. Dist.,* 272 F.R.D. 505, 514 (E.D.Cal.2011); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 ((because the examiner's declaration set forth "the nature of the examination to be conducted, including the types of psychological testing he may choose to administer," finding it unnecessary for him to "select, and disclose, the specific tests to be administered," since "some preference should be given to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted")).

[10] *Ornelas*, 292 F.R.D. at 399 (collecting cases).

[11] *Id*. (citations omitted).

[12] *Id*.; *see also Calderon v. Reederei Claus-Peter Offen GmbH & Co*., 258 F.R.D. 523, 529 (S.D. Fla. 2009) (citing *Morton v. Haskell Co*., No. 94–976, 1995 WL 819182, at *3 (N.D. Fla. Sept. 12, 1995) (declining to limit duration of examination; "[t]here is no claim that the psychologist chosen by defendant will abuse the proper purpose of the mental examination and no basis to conclude that a one hour examination will fit the circumstances of this case.")).

[13] *Calderon*, 258 F.R.D. at 526; *Thomas v. Edison Chouest Offshore, LLC*, No. 15-3487, 2017 WL 467680, at *2 (E.D. La. Feb. 3, 2017) (citing *Favale v. Roman Cath. Diocese of Bridgeport*, 235 F.R.D. 553, 556-557 (D. Conn. 2006); *EEOC v. Grief Brothers Corp*., 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *see Ferrell v. Shell Oil Co*., No. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("The federal rules are clear that, except for interviews permitted

burden of convincing the court that good cause exists for a protective order and that a third-party presence is necessary.[14]  Allegations of harm unsubstantiated by specific examples do not satisfy Rule 26(c).[15]  Where there is no reason to believe improper or harmful techniques may be used or that there is a risk of miscommunication, courts will not allow the presence of third parties.[16]  Courts reason that having an observer "would constitute a distraction during the examination and work to diminish the accuracy of the process . . . thereby compromising the results of the examination."[17]  Further, where the plaintiff has been examined by his own expert outside of the presence of observers, "the defendant should be afforded the same opportunity."[18]

## III.   ANALYSIS

Plaintiff concedes that she has placed her physical and mental conditions (specifically, her cervical spine, lumbar spine, and brain) in controversy by seeking to recover damages for injuries allegedly resulting from Defendants' negligence.  *See* ECF No. 36 at 1, 3.  She disputes, however, that Defendants have demonstrated good cause for certain provisions of each IME requested, namely (1) the length of examinations; (2) the scope and nature of examinations; (3) questioning by the physicians and (4) costs associated with cancellation and travel expenses.  Further, although attachments to Defendants' motion reflect Plaintiff's intent to record and/or bring a third-party to observe the IMEs,[19] Plaintiff fails to address these issues in her Opposition Memorandum and thus has waived any argument for allowing such observation or recording.  Further, considering the

---

under Rule 35, interviews are to be allowed only in the presence of counsel.") (quoting *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 210 (5th Cir. 1990))).  *Acosta* was decided before the 1990 amendments to Rule 35, which now governs.
[14] *Ornelas*, 292 F.R.D. at 395 (citing *Calderon.*, 258 F.R.D. at 526).
[15] *Id.* (citing *Bridges*, 850 F. Supp. at 223).
[16] *Thomas*, 2017 WL 467680 at *2 (citing *Favale*, 235 F.R.D. at 556; *EEOC*, 218 F.R.D. at 64).
[17] *Ornelas*, 292 F.R.D. at 396 (citing *Calderon*, 258 F.R.D. at 527 (quoting *Romano v. II Morrow, Inc.*, 173 F.R.D. 271, 274 (D.Or. 1997); *see also Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 324 (N.D. Ga. Feb 7, 2000) (quoting *Shirsat v. Mut. Pharm. Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996))).
[18] *Favale*, 235 F.R.D. at 557.
[19] *See, e.g.*, ECF No. 34-5 at 2 ¶ J.

physicians' indications that recordings and third-party observers may negatively impact their examinations,[20] audio or videorecording of the examinations is improper and will not be allowed. Each of the remaining disputed parameters will be addressed below.

### 1. Time Limitation

Dr. Chafetz has requested Plaintiff arrive at his office at 8:00 a.m. and be prepared to conclude the examination between 5:00 and 6:00 p.m., allowing for lunch and snack breaks.[21]  If the examination does not conclude on the first day, Dr. Chafetz requests her to meet with him for a "few hours" the following day.  ECF No. 34-2 at 9.  Plaintiff argues that an examination unlimited in time "grossly disregards both the spirit and letter of Rule 35."  ECF No. 36 at 3-4.  The court is not inclined to discount Dr. Chafetz's estimation of the time that he anticipates may be needed to conduct his examination of Plaintiff as he, not the court, holds expertise regarding the necessary evaluative procedures.  However, the court recognizes the burden associated with a multiple-day examination, particularly where the Plaintiff must travel from Hammond, Louisiana to Gretna, Louisiana for the assessment.  Dr. Chafetz's examination, therefore, must be completed in one day unless, with Dr. Chafetz's consent, Plaintiff requests that the examination be continued to the following day.  The examination will be conducted on a day mutually convenient to the Plaintiff and Dr. Chafetz.

Plaintiff also objects to an examination by Dr. Najeeb Thomas to the extent it is unlimited in duration.  However, nothing in the record reflects that Dr. Thomas' evaluation would last an unreasonable amount of time.  Given that Dr. Thomas offered appointment times in the late afternoon, beginning at 2:00, 2:30, or 3:30 p.m.,[22] it is unlikely that the appointment is anticipated

---

[20] *See, e.g.,* ECF No. 34-4 at 7.
[21] ECF No. 34-2 at 5.
[22] *See, e.g.,* ECF No. 34-4 at 1.

to exceed more than two or three hours.  That said, the court is not inclined to impose a specific time limitation without hearing from Dr. Thomas as to the reasonable length of time that he anticipates is necessary to conduct his examination of Plaintiff.

### 2.  Scope and Nature of Examination

While the Court does not intend to intervene or limit the type of examination Dr. Chafetz determines is necessary to render an opinion, Plaintiff is entitled to notice of what types of tests or assessments will be administered.  Accordingly, Defendants must provide Plaintiff with an illustrative list of *potential* tests Dr. Chafetz may perform so that she may understand the "universe of tests" to be conducted by 5:00 p.m. on the day before the appointment.  The details of any listed potential test need not be provided so as to avoid any potential to invalidate the test results. Likewise, while the Court will not limit the type of examination, including the body parts to be assessed, of Dr. Thomas, he must provide Plaintiff with a general overview of the examination and a list of potential tests or assessments he may perform.

### 3.  Questioning by Physicians

The Court rejects Plaintiff's request to limit the questions each physician may ask during the IMEs.  To limit the physician's questions outside of the context of the examination would be to risk "subvert[ing] the truth finding function inherent in Rule 35 examinations"[23] and impeding the physicians' ability to render opinions.  Plaintiff will be required to complete all reasonable paperwork and answer all reasonable questions about medical history.[24]

---

[23] *Ornelas*, 292 F.R.D. at 396 (citation omitted).
[24] *See, e.g., Carlin v. United Specialty Ins. Co*., No. 17-1107, 2018 WL 3118682, at *2 (M.D. La. June 25, 2018) (finding it appropriate to require plaintiff to complete all reasonable paperwork and answer all reasonable questions about medical history, without assistance of counsel); *Aglogalou v. Dawson*, No. 20-2024, 2021 WL 8742833, at *3 (M.D. Fla. July 29, 2021) (requiring plaintiff to complete paperwork and answer questions about her medical history that are routine procedures of the medical examination).

### 4.   Costs, Reimbursements, and Fees

Defendants request an award of costs and attorneys' fees incurred in bringing this motion to compel and reimbursement of the $1,875.00 cost incurred for late cancellation of an appointment with Dr. Chafetz after Plaintiff failed to confirm her attendance at same.   ECF No. 34-1 at 24-25.   Plaintiff fails to address these requests in her Opposition Memorandum.   She does, however, request reimbursement for mileage at a rate of 65.5 cents per mile for the travel to and from each IME.[25]

Defendants cite no authority to support their request for reimbursement of the cancellation fee, nor have they cited any support for an award of costs to a successful movant under Rule 35(a). Once a Rule 35 Order for a physical or mental examination is issued, a party may seek sanctions pursuant to Rule 37 if the opposing party disobeys the Rule 35 Order.[26]   But no Rule 35 Order has been issued in this case, and thus, Defendants have failed to establish any basis to award the requested cancellation fees.[27]

Plaintiff's request for mileage reimbursement is likewise without merit.   "The general rule is that the party being examined must pay his or her own travel expenses to an examination in the forum state."[28]   Exceptions may be made where the party being examined demonstrates that she

---

[25] *See* ECF No. 34-3 at 2, 34-5 at 2.

[26] *Lambert v. Certain Underwriters at Lloyds of London*, No. 19-1080, 2020 WL 1991160, at *2 (W.D. La. Apr. 27, 2020) (citing FED. R. CIV. P. 37(b)(2)(A)-(B)). .

[27] *Id.* (citing *Holdridge v. Estee Lauder Companies, Inc.,* 2019 WL 6219536, at *1 (M.D. La. 2019); B*ruce v. Baywater Drilling, L.L.C.,* 2016 WL 3149719, at *2-*3 (M.D. La. 2016)).   *See also Davis v. Ramsey Hall School, Inc.*, No. 20-1822, 2022 WL 2802334 (D. Conn. July 18, 2022) (denying motion to compel payment of expert's cancellation fee); *I.S. ex rel. Sepiol v. School Town of Munster*, No. 11-160, 2013 WL 1636672 (N.D. Ind. Apr. 16, 2013) (denying request for reimbursement of physician's cancellation fee where no Rule 35 Order compelled attendance).

[28] *McCloskey v. United Parcel Servs. Gen. Servs. Co.,* 171 F.R.D. 268, 270 (D. Ore. 1997) (reasoning that the plaintiff chose the forum to bring suit and should be "expected to pay the costs of the litigation carried on in that forum"); *Ornelas,* 292 F.R.D. at 399-400; 8B CHARLES A. WRIGHT, ARTHUR R. MILLER, & RICHARD L. MARCUS, *Federal Practice and Procedure* § 2234 at 258 (2010) ("The party being examined must pay his or her own expenses for coming to the examination and bear the loss of time thus caused.").

will suffer an undue financial hardship.[29]  Plaintiff has not demonstrated any financial hardship associated with the cost of driving to and from each examination, both of which will occur in Louisiana in cities under two hours from Plaintiff's home in Hammond.  Without this requisite showing, her mileage reimbursement request is denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel (ECF No. 34) is GRANTED IN PART and DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that the Rule 35 examination of Plaintiff by Dr. Chafetz shall proceed in accordance with the following:

- Plaintiff Maranda Carr shall submit to an examination by neuropsychologist Dr. Michael Chafetz at his office located at 2401 Westbend Parkway, Suite 3044, New Orleans, Louisiana, 70114 at 8:00 a.m. on a date mutually convenient to Plaintiff and Dr. Chafetz. Such examination shall include any examination deemed necessary by Dr. Chafetz and consistent with the routine procedures of a forensic neuropsychologist to assess Plaintiff's medical conditions and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment, if any, is needed.  The examination must be completed in one day unless, with Dr. Chafetz's consent, Plaintiff requests that the examination be continued to the following day.

- Twenty-four (24) hours before the examination, Defendants must provide Plaintiff's counsel with a list of the possible tests that may be conducted during the examination.

- At the time of the examination, Plaintiff shall answer all proper questions submitted to her, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, and pain, all for the purpose of making a proper diagnosis of Plaintiff's respective conditions.

- No individuals other than Plaintiff, Dr. Chafetz, and Dr. Chafetz's staff will be permitted to be present during the examination. No audio or video recording of the examination will be permitted.

---

[29] *Spencer v. Huron Cnty.,* No. 15-12209, 2016 WL 4578102, at *2 (E.D. Mich., 2016) (citing *McCloskey*, 171 F.R.D. at 270; *Ornelas*, 292 F.R.D. 400)); *see also Fiello v. Daimler Trucks N. Am. LLC,* No. 20-182, 2021 WL 1381131, at *7 (M.D.N.C. Apr. 12, 2021) (denying plaintiff's mileage reimbursement request for travel to Rule 35 examination).

IT IS FURTHER ORDERED that the Rule 35 examination of Plaintiff by Dr. Thomas shall proceed in accordance with the following:

- Plaintiff Maranda Carr shall submit to an examination by neurosurgeon Dr. Najeeb Thomas at his office located at 3798 Veterans Memorial Blvd Ste. 200, Metairie, Louisiana, 70002 on a date mutually convenient to Plaintiff and Dr. Thomas.  Such examination shall include any examination deemed necessary by Dr. Thomas and consistent with the routine procedures of a neurological examination to assess Plaintiff's medical conditions and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment, if any, is needed.

- Twenty-four (24) hours before the examination, Defendants must provide Plaintiff's counsel with a list of the possible tests that may be conducted during the examination.

- At the time of the examination, Plaintiff shall answer all proper questions submitted to her, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, and pain, all for the purpose of making a proper diagnosis of Plaintiff's respective conditions.

- No individuals other than Plaintiff, Dr. Thomas, and Dr. Thomas' staff will be permitted to be present during the examination. No audio or video recording of the examination will be permitted.

New Orleans, Louisiana, this ___24th___ day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE