UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARANDA CARR | * | CIVIL ACTION |
| VERSUS | * | NO. 22-480 |
| IF&P HOLDING COMPANY, LLC, ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me on an expedited basis is Defendants IF&P Holding Company, LLC, MC Produce, LLC d/b/a McCartney Produce, Lane A. Sutton and Acuity's Motion for Partial Reconsideration (ECF No. 50) of this Court's January 24, 2024 Order and Reasons (ECF No. 41) granting in part and denying in part Defendants' Motion to Compel Independent Medical Examinations (ECF No. 34). The parties timely filed Opposition and Reply Memoranda. ECF Nos. 60-61. No party requested oral argument, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion for Partial Reconsideration (ECF No. 50) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.  BACKGROUND**

Plaintiff filed suit after sustaining injuries on February 24, 2021 in a collision with a truck driven by Defendant Lane Sutton and owned by Defendants IF&P Holding Company, LLC and/or MC Produce, LLC. ECF No. 1 ¶5. On January 3, 2024, Defendants moved to compel two independent medical examinations ("IMEs") free from certain conditions proposed by Plaintiff, one by neuropsychologist Dr. Michael Chafetz and the other by neurosurgeon Dr. Najeeb M. Thomas. ECF No. 34. Finding good cause for both examinations, the court ordered Plaintiff to

1

appear for the IMEs in accordance with certain parameters. The Rule 35 examination of Plaintiff by Dr. Chafetz was to proceed in accordance with the following:

- Plaintiff Maranda Carr shall submit to an examination by neuropsychologist Dr. Michael Chafetz at his office located at 2401 Westbend Parkway, Suite 3044, New Orleans, Louisiana, 70114 at 8:00 a.m. on a date mutually convenient to Plaintiff and Dr. Chafetz. Such examination shall include any examination deemed necessary by Dr. Chafetz and consistent with the routine procedures of a forensic neuropsychologist to assess Plaintiff's medical conditions and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment, if any, is needed. The examination must be completed in one day unless, with Dr. Chafetz's consent, Plaintiff requests that the examination be continued to the following day.

- Twenty-four (24) hours before the examination, Defendants must provide Plaintiff's counsel with a list of the possible tests that may be conducted during the examination.

- At the time of the examination, Plaintiff shall answer all proper questions submitted to her, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, and pain, all for the purpose of making a proper diagnosis of Plaintiff's respective conditions.

- No individuals other than Plaintiff, Dr. Chafetz, and Dr. Chafetz's staff will be permitted to be present during the examination. No audio or video recording of the examination will be permitted.

On February 14, 2024, Defendants filed a Motion for Partial Reconsideration of the Court's January 24, 2024 Order and Reasons, requesting that this Court rescind two conditions imposed on Dr. Chafetz's IME: (1) a one-day time limitation and (2) a requirement to produce a list of possible tests 24 hours in advance of the examination. ECF No. 50. Defendants argue that these limitations and requirements will deprive them of their chosen IME physician and "may very well fully deprive Defendants of a necessary IME in this medical specialty." *Id*. at 1. Defendants argue that reconsideration is proper under Rules 54(b) and 59(e) given the availability of new evidence not previously available (i.e., Dr. Chafetz's and other practitioners' objections to the IME

conditions) and a manifest error of law or fact.  ECF No. 50-1 at 4.  Defendants assert that Dr. Chafetz cannot complete his IME within one day given the extent and depth of information he must ascertain during the forensic neuropsychological examination, which will involve numerous topics of review and evaluative methods.  *Id*. at 6-10.  They also argue that other courts have permitted multi-day examinations and this Court should follow suit.  *Id*. at 11 (citing cases).

Defendants further assert that production of a detailed list of tests Dr. Chafetz may conduct 24 hours before the examination is neither required by Rule 35 nor supported by "the jurisprudence in the State of Louisiana" and providing same to Plaintiff would give her an unwarranted level of control over the exam.  *Id*. at 12.  Defendants contend that imposing the two requirements "on what are perfectly normal, practice recognized examinations will serve to harass and run off perfectly professional and highly-regarded experts the defense bar engages."  *Id*. at 12-13.  Defendants further argue that production of a list of potential tests jeopardizes testing security and risks manipulation of test results by non-psychologists.  *Id*. at 14-20.

In Opposition, Plaintiff argues that Defendants' motion improperly attempts to relitigate issues given that Defendants have not obtained new evidence and that the court did not commit manifest error in its Rule 35 Order.  ECF No. 60.  Plaintiff contends that Defendants' purported justifications for reconsideration of the time limitation are exaggerated, misleading, and insufficient to alter the court's January 24, 2024 Order and Reasons and a multi-day examination will cause undue hardship to Plaintiff and her family.  *Id*. at 5-9.  Plaintiff further asserts that Defendants fail to cite any empirical evidence of test manipulation where potential tests were shared with the examinee a day in advance and notes that other courts in this district have rejected the contention that disclosure of potential neuropsychological examination tests creates an inherent risk of invalid results.  *Id*. at 10-13.  Given Defendants' failure to establish the necessity

3

of reconsideration, Plaintiff requests that this Court maintain the IME conditions established in its January 24, 2024 Order. *Id*.

In Reply, Defendants repeat their arguments and dispute the contention that they colluded with neuropsychologists to sign identical affidavits in support of their motion. ECF No. 61. Attaching a brief filed in an unrelated litigation, Defendants also allege that the "Plaintiff's bar itself" has argued that testing security concerns are both timely and substantiated. *Id*. at 3; ECF No. 61-1. Defendants further assert that Plaintiff's contention that she cannot drive to the IME two days in a row is belied by surveillance reports of her driving on a highway. *Id*. at 3-4; ECF No. 61-2.

## II. <u>APPLICABLE LAW AND ANALYSIS</u>

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] Whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[2] They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[3] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[4]

Defendants' request for reconsideration with regard to the list of potential tests is denied. Defendants misconstrue my January 24, 2024 Order (ECF No. 41) by suggesting that it requires disclosure of the specific tests administered. Rather, the Order makes clear that Defendants need

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004).
[2] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[3] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[4] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002).

only produce an illustrative list of potential tests 24 hours before the examination which allows Plaintiff to have notice of the "universe of tests" to which she may be subjected so that her counsel has an opportunity to bring to the court's attention any objections to particular tests that may be irrelevant or harmful.[5]

The motion is granted, however, with regard to the one-day time limitation imposed in this Court's January 24 Order. Although Defendants argue that this Court committed a manifest error of law or fact in imposing that limitation, they fail to identify any alleged error with specificity. Defendants have, however, come forward with new evidence, i.e., Dr. Chafetz's newly stated inability to complete the examination in one day[6] and Defense counsel's inability, despite concerted efforts, to locate another neuropsychologist willing to perform the IME within a one-day time limitation.[7] Plaintiff's Opposition likewise fails to identify any neuropsychologist capable of performing the IME in one day. Maintenance of the one-day time limitation would thus effectively constitute a denial of Defendants' well-founded motion for a neuropsychological IME. As such, the time limitation must be lifted.

Given Plaintiff's stated logistical and financial hardships associated with multiple days of examination,[8] however, Defendants must advance the costs of hotel accommodations for Plaintiff

---

[5] *See* ECF No. 41 at 6, 9 (citing *Newman v. San Joaquin Delta Cmty. Coll. Dist.,* 272 F.R.D. 505, 514 (E.D.Cal.2011); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) (because the examiner's declaration set forth "the nature of the examination to be conducted, including the types of psychological testing he may choose to administer," finding it unnecessary for him to "select, and disclose, the specific tests to be administered," since "some preference should be given to allowing the examiner to allowing the examiner to exercise discretion in the manner and means by which the examination is conducted"); *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 398 (S.D. Tex. 2013) (finding Defendant had "failed altogether to delineate those tests or potential 'universe of tests' that each examining physician intends to perform.")).
[6] ECF No. 50-2 at 1-8.
[7] *See* ECF Nos. 50-3 at 1-3, 18-20, 27-29, 39-41, 52-54 (Affidavits of Dr. Beth Caillouet Arredondo, Dr. Gilbert Martinez, Dr. Robert John Sawyer, Dr. Bern G. Lee, & Dr. Matthew J. Holcomb); 50-5 at 1-3, 14-16 (Affidavits of Dr. Anneliese C. Boettcher & Dr. Kim E. VanGeffen).
[8] ECF No. 60 at 9.

near Dr. Chafetz's office for one night, which costs must be reimbursed once the litigation has concluded.[9]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion for Partial Reconsideration (ECF No. 50) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that the Rule 35 examination of Plaintiff by Dr. Chafetz shall proceed in accordance with the following:

- Plaintiff Maranda Carr shall submit to an examination by neuropsychologist Dr. Michael Chafetz at his office located at 2401 Westbend Parkway, Suite 3044, New Orleans, Louisiana, 70114 at 8:00 a.m. on a date mutually convenient to Plaintiff and Dr. Chafetz. Such examination shall include any examination deemed necessary by Dr. Chafetz and consistent with the routine procedures of a forensic neuropsychologist to assess Plaintiff's medical conditions and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment, if any, is needed.

- Defendants must advance to Plaintiff the costs of hotel accommodations near Dr. Chafetz's office for one night, which costs must be reimbursed once the litigation has concluded.

- Twenty-four (24) hours before the examination, Defendants must provide Plaintiff's counsel with a list of the possible tests that may be conducted during the examination.

- At the time of the examination, Plaintiff shall answer all proper questions submitted to her, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, and pain, all for the purpose of making a proper diagnosis of Plaintiff's respective conditions.

---

[9] *See McCloskey v. United States Parcel Service Gen. Servs. Co.*, 171 F.R.D. 268, 270 (D. Or. 1997) (although the party being examined must generally pay his or her own travel expenses to an examination in the forum state, an exception is made if the examinee will suffer undue financial hardship by fronting the travel expenses, in which case the court may require the party requesting the examination to advance the travel expenses, to be paid back once the litigation is finished) (citing *Chaparro v. IBP, Inc.,* 1994 WL 714369 (D. Kan.1994); *Warren v. Weber & Heidenthaler, Inc.,* 134 F. Supp. 524, 525 (D.Mass.1955)); *accord Spencer v. Huron Cnty.,* No. 15-12209, 2016 WL 4578102, at *2 (E.D. Mich., 2016) (citing *McCloskey*, 171 F.R.D. at 270; *Ornelas*, 292 F.R.D. 400)).

- No individuals other than Plaintiff, Dr. Chafetz, and Dr. Chafetz's staff will be permitted to be present during the examination. No audio or video recording of the examination will be permitted.

New Orleans, Louisiana, this ___28th___ day of February, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE