UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARANDA CARR | * | CIVIL ACTION |
| VERSUS | * | NO. 22-480 |
| IF&P HOLDING COMPANY, LLC, ET AL. | * | SECTION "H" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Maranda Carr's Motion to Compel Discovery and Disclosure. ECF No. 69. Defendants IF&P Holding Company, LLC, MC Produce LLC d/b/a McCartney Produce, Lane A. Sutton, and Acuity, a Mutual Insurance Company, timely filed an Opposition. ECF No. 75. Plaintiff Maranda Carr filed a Reply Memorandum. ECF No. 77.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel Discovery and Disclosure is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.   BACKGROUND

Plaintiff filed suit in this court on February 23, 2022, after sustaining injuries on February 24, 2021 in a collision with a truck driven by Defendant Lane Sutton and owned by Defendants IF&P Holding Company, LLC and/or MC Produce, LLC. ECF No. 1 ¶ 5. Plaintiff invoked this court's diversity jurisdiction. *Id.* ¶ 2. Defendants Acuity, IF&P Holding, LLC and MC Produce, LLC filed statements of corporate disclosures on March 7, 2023. ECF Nos. 18, 19, 20.[1] Trial is now scheduled for September 23, 2024, with a discovery deadline of July 11, 2024. ECF No. 67.

---

[1] Defendants' original disclosure statements address only parent organizations and fail to provide all information required by FED. R. CIV. P. 7.1(a)(2).

1

By order dated February 7, 2024, after *sua sponte* examining subject matter jurisdiction, the court directed Plaintiff to amend the complaint to "distinctly and affirmatively" set forth the jurisdictional facts supporting diversity. ECF No. 49. Plaintiff then issued interrogatories to Defendants on February 16, 2024, specifically requesting identification of "each individual or entity who is a member of your limited liability company" along with the citizenship of each. ECF No. 69-1 at 1-2, No. 69-2 at 3. Defendants IF&P and MC Produce responded to the discovery with objections based on "confidential and/or private details of individuals who have not consented to the disclosure of said information and would require Defendant to breach confidentiality and other agreements relative to the private equity firm that is the owner of RCP-IFP, LLC." ECF No. 69-3. Defendant IF&P also provided affidavits from the Executive Vice-President and General Counsel of FreshEdge, LLC asserting personal knowledge of the ownership of IF&P and MC Produce. ECF Nos. 69-4, 69-7. The entity defendants also filed amended statements of corporate disclosures on March 22, 2024. ECF Nos. 64, 65, 66.

The corporate disclosures and affidavits executed by Sherri Nierste (Executive Vice-President and General Counsel of FreshEdge, LLC) provide, in pertinent part:

- At the time the present action was brought, on February 23, 2022,
    - MC Produce, LLC was 100% owned by FreshEdge, LLC.
    - FreshEdge, LLC was the operating parent company of the FreshEdge family of companies, which included MC Produce, LLC.
    - IF&P Holding Company, LLC was the 100% parent company of FreshEdge, LLC.
    - RCP-IFP, LLC was the majority owner of IF&P Holding Company, LLC.

- RCP-IFP, LLC was owned by Rotunda Capital Partners, a private equity firm with offices in Washington, D.C., and Chicago, Illinois, as of February 23, 2022; however, it is no longer the owner of IF&P Holding Company, LLC.

- The identity of the individual owners of the private equity firm cannot be divulged by IF&P Holding Company, LLC and/or MC Produce, LLC due to contractual privacy restrictions related to same.

- The private equity firm's CFO will not consent to disclosure because it puts the firm at risk of breaching their contractual obligations and duties to the individual owners.

- Nierste investigated the individual investors of RCP-IFP, LLC to which she was privy and has confirmed that none of the individual investors of RCP-IFP, LLC, resided or was domiciled in Louisiana as of February 23, 2022.

*See* ECF Nos. 64, 64-1, 65, 65-1; *see also* ECF No. 69-4, 69-7.

Plaintiff filed this Motion to Compel complaining of inconsistencies between the amended and original corporate disclosures and seeking the identities of all members of the LLCs. ECF No. 69-1 at 3-5. Citing *Harvey v. Grey Wolf Drilling Co.*, Plaintiff argues that the imputation of an LLC's citizenship to the LLC requires that Defendants provide the requested information, and Defendants' failure to do so has thwarted Plaintiff's ability to affirmatively aver subject matter jurisdiction. *Id.* at 5-7. Plaintiff also argues that the amended Rule 7.1 disclosures still fail to comply with the requirements. *Id.* at 8. Plaintiff seeks costs and fees incurred in filing this motion.

In Opposition, Defendants concede that prior counsel filed inaccurate corporate disclosures in March 2023, which mistakes were discovered when further investigating, presumably to respond to Plaintiff's discovery requests. ECF No. 75 at 3. Defendants argue that contractual obligations prohibit sharing the identity of the individual owners of IF&P and/or RCP-IFP, LLC, and their disclosure would result in protracted contractual litigation that would delay resolution of this proceeding. *Id.* at 4. Defendants argue that they are not attempting to preclude Plaintiff from her selected forum and have undertaken steps to obtain the information and permission to release it but have been unable to do so, and the court cannot compel Defendants "to do that which is not within their power to do." *Id.* at 5-6. Defendants also dispute the assertion that the failure to disclose its owners' identities hides other potentially liable parties from Plaintiff. *Id.* at 5.

In Reply, Plaintiff argues that Defendants provide no legal basis and cite no authority justifying their refusal to provide the required information. ECF No. 77 at 1, 3.
3

## II.     APPLICABLE LAW

### A. Requirements for Diversity Jurisdiction

When a party invokes diversity jurisdiction under 28 U.S.C. § 1332, the party must demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2] Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[3] Although Congress granted statutory citizenship to corporations in 1958 and deemed them "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business,"[4] with few exceptions, it has not bestowed citizenship upon other unincorporated associations except in limited circumstances.[5]

For purposes of determining whether complete diversity exists in this case, the citizenship of each limited liability company must be determined by the citizenship of each of its members.[6] Thus, to properly allege diversity jurisdiction in a case where the plaintiff sues a limited liability company, the Fifth Circuit requires that the party "must specifically allege the citizenship of every member of every LLC."[7] This may require further tracing the parties' citizenship down the various organizational layers where necessary to reach a natural or corporate owner.[8]

---

[2] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (citation omitted)); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).
[3] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted).
[4] *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010) (citation omitted); *see also* 28 U.S.C. § 1332(c)(1).
[5] *E.g.*, 28 U.S.C. § 1332(d)(10) (Class Action Fairness Act granted citizenship to unincorporated associations).
[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016) (noting "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all its members.'" (citation omitted)); *Carden*, 494 U.S. at 195-96 (asserting limited liability partnership's citizenship determined by that of its partners, including limited partners).
[7] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (failure to allege diversity when each member's citizenship of the many LLC and partnership-litigants not alleged); *see also Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (complaint must specifically allege each party's citizenship."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (holding federal jurisdiction must be distinctly and affirmatively alleged by citizenship of the parties).
[8] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

Recognizing the need for early and accurate determination of jurisdiction, effective December 1, 2022 and acting pursuant to pursuant to 28 U.S.C. § 2072, the Supreme Court amended Federal Rule of Civil Procedure 7.1(a)(2) regarding corporate disclosure filings in litigation.  As the advisory committee notes reflect:  "A party suing an LLC may not have all the information it needs to plead the LLC's citizenship. . . . Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship.  Disclosure is required by a plaintiff as well as all other parties and intervenors."

>Rule 7.1(a)(2) now provides:
>
>(2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, *unless the court orders otherwise*, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>   (A) when the action is filed in or removed to federal court, and
>   (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

FED. R. CIV. P. 7.1(a)(2) (emphasis added).  Thus, the rule recognizes that a court may limit disclosures in appropriate circumstances.  Indeed, the advisory committee notes state:  "[T]he names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure."  FED. R. CIV. P. 7.1 2022 advisory committee notes.

B. **Protective Orders and Sealing Documents**

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  FED.

5

R. Civ. P. 26(c).  Rule 26(c) thus requires that good cause be shown to support the issuance of a protective order, with the burden on the movant to show the necessity of its issuance, which "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[9]  "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[10]

The standard for placing a document under seal is different from the standard governing whether unfiled *discovery* should be kept confidential.[11]  "At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information."[12]  As to court filings, the Fifth Circuit has explained that "the working presumption is that judicial records should not be sealed" and the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" before deciding to seal filed documents.[13]  Thus, the mere fact that a document falls within a protective order is insufficient to justify placing that document under seal when filed in the judicial record because different legal standards govern protective orders and sealing orders.[14]

---

[9] *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotations and citation omitted); *see also Baggs v. Highland Towing, L.L.C.*, No. 99–1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (citation omitted) (finding that Rule 26(c)(2) orders may be issued only when the moving party makes "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").
[10] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[11] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).
[12] *Id.* at 420 (citations omitted).
[13] *Id.* at 419 (internal quotations and citations omitted).
[14] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

Public access to judicial records helps to promote trust in the judicial process, and courts must be mindful of the public's common law right to inspect and copy judicial records in assessing a request to seal documents and balance that right against the interests favoring nondisclosure.[15] The public's common law right is not absolute, and the power to seal court records, which should be used "charily," is reserved to the sound discretion of the trial court.[16] Sealing court documents "must be justified and weighed against the presumption of openness that can be rebutted only by compelling and countervailing interests favoring nondisclosure."[17] The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure;[18] it "must explain in particularity the necessity for sealing[.]"[19] This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[20]

### III.    ANALYSIS

The parties may not, by agreement, confer subject matter jurisdiction on a federal district court.[21] "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the

---

[15] *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993); *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981).
[16] *Nixon*, 435 U.S. at 598–99*; Fed. Savings & Loan Ins. Corp. v. Blain,* 808 F.2d 395, 399 (5th Cir. 1987). *see Belo*, 654 F.2d at 430.
[17] *Id.* at 421.
[18] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc*., 998 F.2d 157, 165 (3d Cir. 1993); *Marcus v. St. Tammany Par. Sch. Bd*., No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).
[19] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (internal quotations and citation omitted).
[20] *Omega Hosp., LLC v. Cmty. Ins. Co*., No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress v. Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)).
[21] *Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir.1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); *Warren G. Kleban Eng'g Corp. v. Caldwell*, 490 F.2d 800, 803 n.2 (5th Cir.1974) ("It is settled law that the parties may not, by silence or agreement, confer upon the federal courts that jurisdiction which Congress has withheld.").

action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[22]  For that reason, the attributed citizenship issue is a fundamental threshold issue that must be addressed to enable the court to resolve this matter.

Defendants' discovery responses and amended corporate disclosures, even considering the attached affidavits, are insufficient.  Defendants have not identified all owners and their citizens necessary to assess the attribution of citizenship to the unincorporated entity defendant.  For instance, Defendants identify RCP-IFP, LLC as the "majority owner" of IF&P,[23] but do not identify the minority owners of that entity whose citizenship must be assessed in the jurisdictional inquiry.  Likewise, Defendants identify Rotunda Capital Partners as the owner, at the relevant time, of RFC-IFP, LLC,[24] but do not identify any partners of that unincorporated association whose citizenship must be assessed in the jurisdictional inquiry.  If any of Rotunda's partners are neither natural persons nor corporations, further investigation would be required.  And while the affiant has investigated the individual investors of RCP-III, LLC, she has only been able to provide information as to those individual investors "to which she is privy,"[25] not all of the investors.  Accordingly, the affidavit is insufficient to establish the existence of complete diversity.

A. <u>The Discovery Responses</u>

Defendants' objections to responding to Supplemental Interrogatory No. 1 may readily be addressed through issuance of a protective order requiring the delivery of the required information but with the members' full names redacted and identified by initials.[26]  Should further discovery be necessary regarding the citizenship of any particular member, such discovery may likewise be

---

[22] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).
[23] *See, e.g.*, ECF No. 65-1 ¶ 6(d).
[24] *Id.* ¶ 7.
[25] *Id.* ¶ 10.
[26] A sample Protective Order is available on the undersigned's court webpage: https://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (Last accessed Apr. 17, 2024).

conducted with due regard for any potentially applicable confidentiality restriction or privacy interests.

B. **The Rule 7.1 Disclosure**

Although Rule 7.1(a)(2) contemplates limitations on identifying by name the members of an unincorporated association, neither party has cited, nor has the court located, a single case in which the court authorized non-disclosure of the names of members or allowed the sealing of the required disclosure.[27] These cases typically involve requests for relief by the party that invoked

---

[27] *See, e.g., Eures v. Havenpark Mgmt., LLC*, No. 23-184, 2024 WL 1374766 (S.D. Ind. Apr. 1, 2024) (noting that courts throughout the country have consistently held that the 2022 Committee Note does not allow parties to withhold the names of their members simply because those members prefer that their information remain private) (citations omitted); *Mayer v. Patriot Pickle Inc.*, No. 23-1299, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024) (recognizing the public's right of access to court documents to deny defendant's request to file Rule 7.1 statement under seal and finding that movant failed to explain how disclosure of the information would protect privacy interests or any details about the privacy interests at stake); *Mann v. Trails Carolina, LLC*, No. 23-20, 2023 WL 5109564, at *2 (W.D.N.C. Aug. 9, 2023) (avoiding issue of whether substantial interest in privacy was satisfied by stated need to ensure safety of its members and/or employees and avoid potentially threatening communications because defendant failed to particularize those concerns); *Driver Opportunity Partners, LP v. Ameriserv Fin., Inc.*, No. 22-237, 2023 WL 4711158, at *3 (W.D. Penn. July 24, 2023) (citation omitted) (citing obligation to make public record as complete as possible, holding that only when substantial privacy interests have been set forth in as detailed terms as possible is omission or an *in camera* inspection appropriate, and finding that "merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities" and that plaintiff's "limited partner's preference to avoid disclosure is not a specific, substantial privacy interest"); *Bauer v. Equinor Energy LP*, No. 21-170, 2023 WL 9595357 (D.N.D. June 27, 2023) (noting that Rule 7.1(a)(2) explicitly requires an LLC to name (not merely list initials and not merely identify the citizenship of) its members and indicating that negative statements that members are not citizens of a particular state are insufficient, particularly given that some persons are considered stateless which likewise destroys diversity); *Manssor v. NRRM, LLC*, No. 23-236, 2023 WL 4093413, at *2 (W.D. Tex. June 20, 2023) (denying motion to identify members by initials rather than name on the basis that movant failed to establish both a substantial interest in privacy and no apparent need to support discovery by other parties to go behind the disclosure); *Wilkins v. Tory Burch, LLC*, No. 23-422, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (denying motion to seal disclosure statement when a defendant "asserted that [the identity of its members was] sensitive information [and] ... that public disclosure of its members' information could harm its business" but "fail[ed] ... to explain why"); *Darton Archery, LLC v. Bowtech, LLC*, No. 23-140, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (denying motion to seal corporate disclosure statement because defendants failed to explain how the "business interests [of a limited partnership] could suffer harm by the public disclosure of the identity and citizenship of its owners" and noting that "[i]n any event, the public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute a clearly defined and serious injury"); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, No. 23-81, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023) (denying plaintiffs' motion to file members' identities under seal or to submit the information for *in camera* review and finding that plaintiffs had not articulated a legitimate privacy interest in their members' identities and that preference for the information to remain private did not overcome the presumption of public access); *Empirian Health, LLC v. Specialty RX, Inc.*, No. 22-639, 2022 WL 17419342, at *2 (M.D. Ala. Dec. 5, 2022) (holding that, absent strong countervailing reasons for protecting the names of such entities and individuals, the name and citizenship of each member of an unincorporated association must be disclosed under Rule 7.1(a)(2)).

the federal court's jurisdiction.[28] It is certainly reasonable to expect a plaintiff who voluntarily chooses to file suit in federal court, or a defendant who chooses to remove a case to federal court, to comply with the disclosure obligations of that forum. But in this case, Defendants did not invoke the court's jurisdiction. Moreover, none of these cases located involved a party with contractual restrictions prohibiting the disclosure of its members.

Although this may be a case in which sealing the identities of upstream owners may be justified, Defendants have not carried their burden to establish that at this point. The mere invocation of alleged contractual restrictions, without any particularized showing regarding the restrictions (e.g., copies of the contract, the precise restrictions, any exceptions, any alternative avenues to obtain relief, any penalties or consequences for violation), is patently insufficient to carry their burden to establish "substantial interests in privacy" as required for relief from Rule 7.1(a)(2). Likewise, Defendants have not pointed to specific confidential information and shown the specific harm that would be suffered if the public were granted access to the information, as necessary to justify the filing of the disclosure under seal.

This Court recently amended its Local Rule 5.6 governing sealing of documents. The amended Local Rule provides a procedure to address the needs of a party who must file confidential information of another, including non-parties. The party may file a motion to seal the document and provide notice of same to the third party, which provisionally seals the document and allows the interested third party the opportunity to file a response justifying the need to maintain the document under seal. *See* E.D. La. L.R. 5.6(D)(2). Service of a redacted version of

---

[28] *See, e.g., Eures*, 2024 WL 1374766 (removing defendant); *Mayer*, 2024 WL 162881, at *5 (removing defendants); *Driver Opportunity Partners*, 2023 WL 4711158, at *3 (plaintiff filed suit in federal court); *Manssor*, 2023 WL 4093413 (removing defendant); *Wiens Cap. Mgmt.*, 2023 WL 2435806 (plaintiff filed suit in federal court); *Empirian Health,* 2022 WL 17419342, at *2 (removing defendant).

the disclosure, similar to the redacted discovery responses, on the other parties will suffice unless further jurisdictional discovery is deemed necessary.

## IV. CONCLUSION

Defendants must provide supplemental discovery responses, subject to the terms of a protective order, with a redacted list[29] of individuals or entities whose citizenship is attributed to defendants, by Monday, April 29, 2024. Defendants must also file amended corporate disclosure statements setting forth both the names and citizenships of individuals or entities whose citizenship is attributed to the defendants, as required by Rule 7.1(a)(2), by Monday, April 29, 2024. Defendants are instructed to comply with Local Rule 5.6 in the event they seek to file same under seal, making the particularized showing and providing all of the necessary information (including copies of any contracts containing confidentiality or non-disclosure restriction) under Fifth Circuit precedent to enable the court to seal public records.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Discovery and Disclosure is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this __18th__ day of April, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] Full names may be redacted and identified by initials only.

11