UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARANDA CARR | * | CIVIL ACTION |
| VERSUS | * | NO. 22-480 |
| IF&P HOLDING COMPANY, LLC, ET AL. | * | SECTION "H" (2) |

## REPORT AND RECOMMENDATION, CERTIFICATION OF FACTS AND ORDER AND REASONS

Pending before me is Plaintiff Maranda Carr's Motion for Sanctions for Failure to Comply with Discovery Order.  ECF No. 82.  Defendants IF&P Holding Company, LLC, MC Produce LLC d/b/a McCartney Produce timely filed an Opposition.  ECF No. 91.  Plaintiff Maranda Carr filed a Reply Memorandum.  ECF No. 92.  The Court held a hearing on the motion on Wednesday, May 15, 2024 and thereafter took the matter under advisement.  *See* ECF Nos. 89, 95.

Having considered the record, the submissions and arguments of counsel, and the applicable law, and for the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order requesting fees and costs incurred in filing this motion and awards Plaintiff same.  The parties are directed to confer as to a reasonable amount of fees and costs. If the parties agree, then Defendant shall pay that amount. If the parties do not agree, then Plaintiff must, no later than June 12, 2024, file a Motion for Fees and Costs pursuant to Rule 37. The new filing must include (a) an affidavit attesting to her attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2.

1

The Court further **RECOMMENDS** that Defendants IF&P Holding Company, LLC and MC Produce LLC d/b/a McCartney Produce be held in civil contempt of court, as requested in Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order, and that they be sanctioned as follows:

(a) Each Defendant be given an additional 30 days (i.e., through June 17, 2024) to comply with the Court's April 18, 2024 Order during which they must issue subpoenas, if necessary, to obtain the information that must be disclosed by them pursuant to Rule 7.1 and file Supplemental Rule 7.1 disclosures naming (and identifying the citizenship of) every individual or entity whose citizenship is attributed to it;

(b) Should Defendant(s) fail to comply by June 17, 2024, the non-compliant Defendant(s) shall each be ordered to pay $500 per day into the registry of the Court until compliance;

(c) If a Defendant's total fine reaches $10,000 and it has still not complied with the Court's Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions against Defendant(s); and

(d) Defendant(s) be advised that each may, at any time, purge contempt by complying with the Court's Order by filing a Rule 7.1 corporate disclosure that fully complies with Rule 7.1(a)(2)'s mandate that it name—and identify the citizenship of—every individual or entity whose citizenship is attributed to it, along with a notice of compliance notifying the Court that it has done so.

## I.    BACKGROUND

Plaintiff invoked this Court's diversity jurisdiction when she filed suit on February 23, 2022, alleging injuries from a February 24, 2021, collision with a truck driven by Defendant Lane

Sutton and owned by Defendants IF&P Holding Company, LLC and/or MC Produce, LLC.  ECF No. 1 ¶¶ 2, 5.  Defendants Acuity, IF&P Holding, LLC and MC Produce, LLC filed statements of corporate disclosures on March 7, 2023.  ECF Nos. 18, 19, 20.[1]  After *sua sponte* examining subject matter jurisdiction, the court directed Plaintiff to amend the complaint to "distinctly and affirmatively" set forth the jurisdictional facts supporting diversity.  ECF No. 49.

Plaintiff issued interrogatories to Defendants requesting identification of "each individual or entity who is a member of your limited liability company" along with the citizenship of each on February 16, 2024.  ECF No. 69-1 at 1-2, No. 69-2 at 3.  Defendants IF&P and MC Produce objected and in opposition to a motion to compel, attached affidavits from the Executive Vice-President and General Counsel of FreshEdge, LLC asserting personal knowledge of the ownership of IF&P and MC Produce.  ECF Nos. 69-3, 69-4, 69-7.  The entity defendants also filed amended statements of corporate disclosures on March 22, 2024.  ECF Nos. 64, 65, 66.

The corporate disclosures and affidavits provide, in pertinent part:

- At the time the present action was brought, on February 23, 2022,
    - MC Produce, LLC was 100% owned by FreshEdge, LLC.
    - FreshEdge, LLC was the operating parent company of the FreshEdge family of companies, which included MC Produce, LLC.
    - IF&P Holding Company, LLC was the 100% parent company of FreshEdge, LLC.
    - RCP-IFP, LLC was the majority owner of IF&P Holding Company, LLC.

- RCP-IFP, LLC was owned by Rotunda Capital Partners, a private equity firm with offices in Washington, D.C., and Chicago, Illinois, as of February 23, 2022; however, it is no longer the owner of IF&P Holding Company, LLC.

- The identity of the individual owners of the private equity firm cannot be divulged by IF&P Holding Company, LLC and/or MC Produce, LLC due to contractual privacy restrictions related to same.

- The private equity firm's CFO will not consent to disclosure because it puts the firm at risk of breaching their contractual obligations and duties to the individual owners.

---

[1] Defendants' original disclosure statements address only parent organizations and fail to provide all information required by FED. R. CIV. P. 7.1(a)(2).

- Nierste investigated the individual investors of RCP-IFP, LLC to which she was privy and has confirmed that none of the individual investors of RCP-IFP, LLC, resided or was domiciled in Louisiana as of February 23, 2022.

*See* ECF Nos. 64, 64-1, 65, 65-1; *see also* ECF No. 69-4, 69-7.

By Order dated April 18, 2024, this Court granted in part and denied in part Plaintiff's Motion to Compel. ECF No. 78. After noting the non-waivable issue of subject matter jurisdiction, the Court found that Defendants' disclosures and discovery responses were insufficient. The Court ordered Defendants to submit supplemental discovery responses setting forth, in a redacted form and subject to a protective order, all required citizenship information and file compliant Rule 7.1 disclosures by April 29, 2024. *Id.* at 7-11.

Plaintiff filed a Motion to Seal Amended Disclosures by the April 29, 2024 deadline. As noted in this Court's May 1, 2024 Order denying that motion, Defendants' amended disclosures contained several of the same deficiencies (e.g., failure to include each corporation's principal place of business, failure to identify the members and citizenships of LLC entity members, failure to disclose the identity and citizenship of each member of its trust members, and failure to provide the domicile or citizenship of its individual members). *See* ECF No. 85 at 3-5; No. 80-5. Defendants' Third Amended Corporate Disclosure Statement filed May 7, 2024, are likewise deficient for many of the same reasons. *See* ECF Nos. 86, 87.

In response to Defendants' supplemental discovery responses, Plaintiff filed this Motion for Sanctions, arguing that Defendants failed to identify all LLC members and their citizenship, as necessary for her to affirmatively allege diversity jurisdiction. ECF No. 82-1 at 3. Plaintiff contends that Defendants' failure amounts to contempt of court for which they should be sanctioned in an amount equal to the costs incurred by Plaintiff to file this motion as well as the costs incurred in filing a necessary request for extension of time to amend the complaint. *Id.*

Defendants filed an untimely Opposition Memorandum asking this Court to deny Plaintiff's motion because she did not "meet and confer" before filing this sanctions motion. Defendants further argue that they have not been "clearly evasive" and cannot provide information outside of their possession, custody, or control, and they have requested the information numerous times, but the LLC members have refused to supply it. Defendants contend that Plaintiff has likewise failed to obtain the third-party information despite her ability to issue a subpoena without the negative business ramifications and "likely contractual breaches" that Defendants would suffer should they attempt to force its private equity member (Rotunda Capital) to comply. *Id*. at 4.

In Reply, Plaintiff asks the Court to strike the untimely Opposition Memorandum and preclude Defendants from oral argument. ECF No. 92. On the merits, Plaintiff argues that another Rule 37 conference was not required and, even if it were, the parties conducted several conferences. *Id*. at 2. Plaintiff reiterates the requested relief sought in her motion. *Id*. at 3.

## II.    APPLICABLE LAW AND ANALYSIS

### A.    Defendants Have An Independent Duty to Comply with Rule 7.1(a)(2)

Recognizing the need for early and accurate determination of subject matter jurisdiction, effective December 1, 2022 and acting pursuant to pursuant to 28 U.S.C. § 2072, the Supreme Court amended Federal Rule of Civil Procedure 7.1(a)(2) regarding corporate disclosure filings in litigation. Rule 7.1(a)(2) now provides:

> (2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
> (A) when the action is filed in or removed to federal court, and
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a). FED. R. CIV. P. 7.1(a)(2) (emphasis added).

Defendants suggest that Plaintiff, not they, should subpoena RCP-IFP, LLC to learn its members' identities.  ECF No. 91 at 3-4.  While the party seeking to invoke the Court's jurisdiction bears the burden of proving the existence of federal jurisdiction,[2] which historically would have placed the onus of jurisdictional discovery on Plaintiff in this case, the Supreme Court's adoption of Rule 7.1(a)(2) now places an independent obligation on an entity party to provide certain ownership information unilaterally and without regard to a discovery request.[3]  Like Rule 26 disclosures, Rule 7.1(a)(2) requires an entity party to provide, without the need for a discovery request from an opposing party, its citizenship information, including the name and citizenship of every individual or entity whose citizenship is attributed to that party.

Further, as the advisory committee notes to Rule 7.1(a)(2) reflect:  "A party suing an LLC may not have all the information it needs to plead the LLC's citizenship. . . . Pleading on information and belief is acceptable at the pleading stage, but disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship."  FED. R. CIV. P. 7.1(a)(2) advisory committee note.  Thus, a Plaintiff may allege jurisdiction "on information and belief," after which the defendant must file a disclosure of citizenship information which enables the Plaintiff to specifically allege the jurisdictional facts.

---

[2] *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1258–59 (5th Cir. 1988).  *See also Wiley v. Department of Energy,* No. 21-933, 2021 WL 4460529, at *4 (E.D. La. Sept. 29, 2021) (Ashe, J.) (granting defendants' motion to dismiss for lack of subject matter jurisdiction in the face of plaintiff's bare, conclusory assertion that defendants "had an office in Alabama"); *Haddad v. Chesapeake Expl., LLC,* No. 08-1834, 2008 WL 5172395 (W.D. La. Dec. 10, 2008) (noting that removing party insufficiently alleged diversity of citizenship and granting removing party leave to issue subpoenas, take depositions, or engage in other reasonable discovery to learn the necessary information).

[3] *See Villamil v. Fayrustin*, --- F.3d ---, 2024 WL 1664791, at *7-*8 (W.D. Tex. Apr. 17, 2024) (noting LLC defendant's Rule 7.1(a)(2) obligation to name and identify the citizenship of every individual or entity whose citizenship is attributed to that party and ordering defendant to file a proper Rule 7.1(a)(2) disclosure).

**B.  Continued Deficiencies with Defendants' Third Amended Rule 7.1 Disclosures**

Defendants identify Rotunda Capital Partners as the majority owner of RCP-IFP, LLC.

ECF No. 86 & 87, ¶3(a)(i).   They do not, however, identify the minority owners of that entity.

### 1.  LLCs

To determine whether complete diversity exists, the citizenship of each limited liability

company must be assessed by reviewing the citizenship of each of its members.[4]  Thus, to properly

allege diversity jurisdiction in a case where the plaintiff sues a limited liability company, the Fifth

Circuit requires that the party "specifically allege the citizenship of every member of every LLC."[5]

This may require further tracing the parties' citizenship down the various organizational layers

where necessary to reach a natural or corporate owner.[6]

Defendants have still failed to drill down to identify the members (and citizenships) of LLC

entity member RCP-IFP, LLC, ("Rotunda Capital").   Defendants assert that they cannot do so

because Rotunda Capital refuses to provide the necessary information.   Regardless of Rotunda

Capital's position on voluntary disclosure, however, Defendants are still obligated to comply with

Rule 7.1(a)(2).   If they cannot obtain the necessary information from their member voluntarily,

---

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members."); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016) (noting "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all its members.'" (citation omitted)); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (asserting limited liability partnership's citizenship determined by that of its partners, including limited partners).
[5] *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (failure to allege diversity when each member's citizenship of the many LLC and partnership-litigants not alleged); *see also Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (complaint must specifically allege each party's citizenship."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (holding federal jurisdiction must be distinctly and affirmatively alleged by citizenship of the parties).
[6] *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

they must take the necessary steps to ascertain the information, including issuance of subpoenas, in order to fulfill their obligation under Rule 7.1.

## 2. Corporations/Holding Companies

A corporation's principal place of business refers to its "nerve center," that is "the place where a corporation's officers direct, control, and coordinate the corporation's activities."[7]  The nerve center test looks to the "center of overall direction, control, and coordination," and "[c]ourts do not have to try to weigh corporate functions, assets, or revenues different in kind, one from the other."[8]  This should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination.[9]

Defendants indicate that IF&P Holdings, Inc., is a holding company incorporated in Indiana with an Indianapolis, IN address, and "has no principal place of business as it is simply a holding company."  Given the passive nature of a holding company's purpose (i.e., holding interest in other companies), a holding company typically engages in little activity because there is little to direct, control, or coordinate. [10] "Nonetheless, a holding company's principal place of business, or 'nerve center,' is still determined by where its decisions are made because 'the salient question [is] where the company's policies originate.'"[11]  In the holding company  context, courts have held

---

[7] *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

[8] *Id*. at 96.

[9] *Id*. at 93.

[10] *See P2ES Holdings, LLC v. Trinity Petroleum Management, LLC*, 2023 WL 1967949, at *4 (S.D. Tex. Feb. 13, 2023) (while holding companies engage in little activity, meaning there is little to direct, control, or coordinate, their principal places of business are still determined by where their decisions are made because "the salient question is where the company's policies originate") (citing cases), *R. & R. adopted*, 2023 WL 2386885 (S.D. Tex. Mar. 6, 2023).

[11] *Id*. (quoting *Utopia Studios, Ltd. v. Earth Tech, Inc.*, 607 F. Supp. 2d 443, 445 (E.D.N.Y. 2009)).

the "nerve center" to be the location where the company's board meetings are held, unless evidence shows that the corporation is directed from somewhere else.[12]

Defendants must identify a principal place of business.

### 3. Trusts

For purposes of diversity jurisdiction, the method of determining a trust's citizenship varies depending on whether the trust is an "ordinary" or "traditional" trust or an "unincorporated entity sued in its corporate name." While the citizenship of an ordinary/traditional trust is determined by the citizenship of the trustee, the citizenship of a business trust is based on the citizenship of its members, including its shareholders.[13]

Defendants have provided only the names and places of formation for its trust members. In order to determine whether complete diversity exists, Defendants must identify the nature of each trust and, if they are business trusts, identify each member and their citizenship. If they are ordinary trusts, Defendants must identify the citizenship of the trustee.

### 4. Individuals

Defendants have provided only the "residence" of each identified individual natural person who is a member of their LLCs.

---

[12] *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (determining that holding company was a citizen of both its state of corporation and that of its principal place of business); *Johnson v. SmithKline Beecham Corp.,* 724 F.3d 337, 342, 353 (3d Cir. 2013) (determining that a holding company with "quite limited" activities consisting primarily of owning its interest in an LLC, holding intra-company accounts, issuing and receiving dividends, and paying taxes, was a citizen solely of Delaware because its nerve center was in Wilmington, where the board meetings took place); *3123 SMB LLC v. Horn,* 880 F.3d 461, 466-67 (9th Cir. 2018) (explaining pre- and post-*Hertz* approaches to determining the citizenship of a holding company and concluding that a holding company that was "even less active" than the one at issue in *Johnson* had its principal place of business in the place where it has board meetings, regardless of whether such meetings have already occurred, unless evidence shows that the corporation is directed from elsewhere).

[13] *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 382 (2016); *accord Bynane v. Bank of New York Mellon,* 866 F.3d 351, 356-57 (5th Cir. 2017); *see also Schleigh v. PTC of Louisiana LLC*, No. 20-102, 2020 WL 2516165, at *1 (W.D. La. May 15, 2020).

In determining whether diversity jurisdiction exists with respect to individuals, citizenship is determined by the person's domicile.  While the individual's residence is prima facie proof of domicile, an individual's citizenship and residence are not synonymous because citizenship requires not only "residence in fact" but also "the purpose to make the place of residence one's home."  *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310 (5th Cir. 2019) (citations omitted).  In other words, IF&P and MC Produce's allegations of their individual members' residences, without more, is insufficient to establish citizenship.

## C.  Rule 37's Meet and Confer Obligation

The Rule 37(a)(1) requirement of conferral is a precursor to a motion to compel disclosure or discovery. In this case, the Court has already granted a motion to compel and ordered disclosure. This Motion for Sanctions is for failure to comply with that order, and not for failure to comply with a discovery request. Rule 37's "meet and confer" requirement is not technically applicable here.[14]  *Louisiana Corral Management, LLC v. Axis Surplus Insurance Co.,* No. 22-2398, 2023 WL 2185981 (E.D. La. Feb. 23, 2023), cited by Defendants, is inapposite.  In that case, plaintiff filed a motion to compel and for sanctions without holding a Rule 37 conference.  Given the combined nature of the request, the court denied both motions as untimely and improper.  *Id*. at *11.  In this case, however, Plaintiff complied with Rule 37 by conferring before she filed her earlier motion to compel.  ECF No. 69.  There is no meet-and-confer obligation for this motion.[15]

Even if Rule 37 were applicable to this Motion for Sanctions, our court has held that technical compliance or non-compliance with Rule 37 can be overridden when the circumstances

---

[14] *Luv N' Care, Ltd. v. Laurain*, No. 16-777, 2020 WL 412350, at *3 (W.D. La. Jan. 24, 2020).
[15] *See G.K. v. D.M.*, No. 21-2242, 2023 WL 2316213 (E.D. La. Jan. 25, 2023).

warrant.[16]  Further, where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such a "judicial expediency.[17]

### D.  **Failure to Obey a Discovery Order**

Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their docket, which includes the authority to punish for contempt in order to maintain obedience to court orders and the authority to impose reasonable and appropriate sanctions on errant lawyers practicing before the court.[18]  "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated."[19] In addition, Rule 37 expressly authorizes sanction against a party for violation of a discovery order.[20]

Under Rule 37, the Court may issue an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

---

[16] *Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. 11-2715, 2013 WL 1196604, at *4 (E.D. La. Mar. 22, 2013) (citing *Larkin v. United States Dep't of the Navy*, No. 01–0527, 2002 WL 31427319, at *2 (E.D. La. Oct. 25, 2002) (Roby, M.J.) (finding that an initial conference, followed by a facsimile transmission sent to opposing counsel on the same day that a motion to compel was filed, violated the spirit of the law); *Robinson v. LA Dock Co.*, LLC, No. 99–1996, 2000 WL 1059860, at *2–*3 (E.D. La., Aug. 1, 2000) (Roby, M.J.) (finding that failure to hold an initial conference did not warrant dismissal of the motion where non-movant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile)).

[17] *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distrib., LLC*, No. 10-1483, 2012 WL 13001456, at *2 (E.D. La. Dec. 28, 2012).

[18] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (citations omitted).

[19] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999) (internal quotations and citations omitted).

[20] *See Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 16, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).  Rule 37(b)(2)(C) authorizes the court to impose a concurrent sanction of reasonable expenses, including attorneys' fees, caused by the failure to obey a discovery order,[21] unless the failure was substantially justified or other circumstances make an award of expenses unjust."  FED. R. CIV. P. 37(b)(2)(C).

 "Contempt is characterized as either civil or criminal depending on its 'primary purpose.'"[22]  Whether a sanction is civil or criminal is determined by looking to the character of the relief.[23]  Generally, criminal contempt is designed to vindicate the authority of the court.[24]  It is punitive and typically punishes a contemnor for past disobedience.[25]  Criminal contempt is a crime and includes criminal penalties that may not be imposed without observance to those Constitutional protections afforded to criminal proceedings.[26]  In contrast, civil contempt can either be compensatory or coercive.  To be compensatory, it must remedy losses sustained.[27]  Where coercive, civil contempt is designed to pressure the contemnor into compliance with a court order.[28]  Coercive civil contempt is avoidable through obedience.[29]  Civil contempt may be imposed in ordinary civil proceedings upon notice and an opportunity to be heard.[30]  Distinguishing between criminal and civil contempt is not always clear as even purely

---

[21] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted).
[22] *In re Collier*, 582 F. App'x 419, 422 (5th Cir. 2014) (citation omitted).
[23] *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 254 (5th Cir. 2020).
[24] *Id.* (citing *Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254, 263 (5th Cir. 2009)).
[25] *Id.*
[26] *See id.*
[27] *Id.*; *see also Quilling v. Funding Res. Grp.*, 227 F.3d 231, 234 (5th Cir. 2000).
[28] *Ravago*, 832 F. App'x at 254.
[29] *Id.*; *In re Stewart*, 571 F.2d 958, 963 (5th Cir. 1978) (citations omitted); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290–91 (5th Cir. 2002) (citations omitted) ("A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions.").
[30] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 826–27 (1993).

compensatory punishment also vindicates the court's authority, just as when punishment is solely punitive, there may be incidental benefit to the complainant and deterrence of future disobedience.[31]

Sanctions are proper where clear and convincing evidence indicates (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order.[32]  The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction . . . without hesitancy, of the truth of the precise facts of the case."[33]  Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order.[34]  Indeed, even an unintentional violation of a discovery order may lead to civil sanctions, though the court should consider the degree of willfulness in determining the appropriate sanction.[35]

Defendants argue that sanctions are improper because they "cannot be compelled to produce what they do not have."  This doctrine applies when a party seeks to compel another to produce non-existent documents.[36]  Indeed, courts regularly deny motions to compel where parties

---

[31] *Ravago*, 832 F. App'x at 254.

[32] *Lyn-Lea Travel Corp.*, 283 F.3d at 291 (citing *FDIC v. LeGrand*, 43 F.3d 163, 165 (5th Cir. 1995)); *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).  Courts also require a showing of damages resulting from the violation. *Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006) (citation omitted); *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992) (citations omitted); *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987).

[33] *Travelhost, Inc.*, 68 F.3d at 961 (internal quotation marks omitted); *see also Moawad v. Childs*, No. 00-60365, 2001 WL 498491, at *1 (5th Cir. Apr. 9, 2001) (characterizing clear and convincing evidence as "that 'weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable [the] fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'") (quoting *Travelhost, Inc.*, 68 F.3d at 961); *accord Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (citation omitted); *Am. Serv. Mktg. Corp. v. Bushnell*, No. 09–3097, 2009 WL 1870887, at *2 (E.D. La. June 25, 2009) (Engelhardt, J.) (denying contempt order based on lack of clear and convincing evidence).

[34] *See Whitfield*, 832 F.2d at 913 (citation omitted).

[35] *Walle Corp. v. Rockwell Graphics Sys.*, No. 90-2163, 1992 WL 165678, at *2 (E.D. La. July 6, 1992) (citations omitted).

[36] *ORIX USA Corp. v. Armentrout*, No. 16-63, 2016 WL 4095603, at *5 & n.2 (N.D. Tex. Aug. 1, 2016) (collecting cases).

have certified either that no responsive information exists or they do not possess responsive documents.[37] In this case, however, the citizenship information attributable to Defendants exists. Accordingly, this is not an instance where a party is being compelled to produce that which it does not have, and thus this doctrine does not excuse Defendants from their obligation to comply with Rule 7.1(a)(2).[38]

## III.   SECTION 636(e)(6)(B)(iii) CERTIFICATION

When an act outside of the presence of the magistrate judge constitutes civil contempt, the magistrate judge must certify the facts to the district judge and issue a show cause order why the district judge should not adjudge that party in contempt. 28 U.S.C. § 636(e)(6). In this case, the record reflects that this Court issued an Order on a Motion to Compel on April 18, 2024, which Order required supplemental discovery responses and compliance with Rule 7.1(a)(2) by filing a supplemental disclosure statement specifying the name—and identifying the citizenship of—every individual or entity whose citizenship is attributed to that party.

The April 18, 2024, order is clear, definite, and unambiguous, and Defendants have failed to establish otherwise. Defendants are in a position to comply with the Order, but have elected not

---

[37] *See, e.g., Alvarado v. Air Sys. Components LP,* No. 19-2057, 2021 WL 2682870, at *3 (N.D. Tex. June 29, 2021) (noting that party is not required to produce any discovery it does not possess); *Rhyce v. Martin,* No. 00-2623, 2002 WL 31496375 (E.D. La. Nov. 6, 2002) (denying motion to compel supplemental response to subpoena duces tecum where party did not have control of documents and thus could not be compelled to produce same); *Beth v. Wal-Mart Stores, Inc.,* No. 12-1024, 2014 WL 2918674, at *2 (W.D. La. June 26, 2014) (agreeing with proposition that a party cannot be compelled to produce documents that do not exist); *Fernandez v. McDaniel Controls, Inc.,* No. 98-1040, 1998 WL 840014 (E.D. La. Dec. 3, 1998) ("Plaintiff cannot be compelled to produce what he certifies in a response signed pursuant to FED. R. CIV. P. 26(g) he does not possess."); *Frught v. State Farm Fire & Cas. Ins. Co.*, No. 07-5069, 2009 WL 10679979, at *1 (E.D. La. May 27, 2009) (defendant could not be compelled to produce materials which it certifies are not in its possession, custody, or control).
[38] *See WMCV Phase 1 SPE, LLC v. New Classic Home Furnishing, Inc.,* No. 23-1044, 2024 WL 1343203, at *1-*2 (D. Nev. Mar. 29, 2024) (denying LLC plaintiff's motion for partial relief from compliance with Rule 7.1(a)(2) and noting that it was unclear to the court why plaintiff could not obtain the necessary information to fully comply with Rule 7.1(a)(2), and plaintiff's proffer that it "'simply cannot comply with the Court's Order to make citizenship disclosures regarding every individual or entity'" because the plaintiff "'is a part of a complex chain of limited liability companies and limited liability partnerships, who have no obligation to provide [plaintiff] with information regarding all members and sub-members,' without more, is unconvincing.")

to take advantage of available methods (i.e., subpoenas) to comply with that order.  Because there is clear and convincing evidence that the underlying order was violated, the burden shifts to Defendants to demonstrate a present inability to comply.[39]  Defendants have failed to do so.

The Fifth Circuit requires that the district court use "the least onerous sanction which will address the offensive conduct."[40]  In fashioning sanctions for civil contempt, district courts should consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[41]  Sanctions for civil contempt may include a "coercive daily fine, a compensatory fine, coercive incarceration, or a combination thereof."[42]  The undersigned has carefully considered imposition of additional sanctions under Rule 37(b)(2)(A).  Because Defendants are currently in contempt of the April 18, 2024 Order and that conduct will result in delay of this proceeding and disruption of the Court's Scheduling Order, a fine of $500.00 per day should be imposed.[43]  This amount is reasonable given (1) the harm from noncompliance; (2) the financial resources of the contemnor and the probable effectiveness of the sanction; (3) the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order.[44]  Although the daily fine recommended may impose a financial hardship on Defendants, it is a sanction that can be quickly and inexpensively purged if they fulfill their obligations imposed by Rule 7.1(a)(2).

---

[39] *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

[40] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) (quoting *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997)).

[41] *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) (citations omitted).

[42] *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827–29 (1994); *Dinnan v. Bd. of Regents of the Univ. Sys. of Ga.*, 625 F.2d 1146, 1150 (5th Cir. 1980) (civil contempt sanction ordered where the contemnor paid $100 fine daily and was incarcerated after thirty days of continued noncompliance).

[43] *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 567 (5th Cir. 1990) (finding $500 per day fine not an abuse of discretion).

[44] *Id.* (citing *United States v. United Mine Workers*, 330 U.S. 258 (1947)).

If Defendants' failure to comply with the Court's Orders continues despite the imposition of the fine and the fine reaches $10,000, the District Judge should consider whether to impose further, more severe sanctions.  Again, Defendants may at any time purge their contempt by complying with this Court's April 18, 2024 Order.  Accordingly, in accordance with 28 U.S.C. § 636(e), the undersigned respectfully certifies the above facts and recommends that the District Judge impose a daily fine of $500 against Defendants to coerce compliance with this Court's April 18, 2024 Order.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order is GRANTED, and Plaintiff is awarded attorneys' fees and costs incurred in filing this motion.  The parties are directed to confer as to a reasonable amount of fees and costs.  If the parties agree, then Defendant shall pay that amount. If the parties do not agree, then Plaintiff must, no later than June 12, 2024, file a Motion for Fees and Costs pursuant to FED. R. CIV. P. 37(a)(5), which must attach supporting documentation for the requested amount (e.g., (a) an affidavit attesting to the attorney's education, background, skills and experience; (b) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (c) a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed, as required by Local Rule 54.2).

**IT IS ORDERED** that Defendants  IF&P Holding Company, LLC and MC Produce LLC d/b/a McCartney Produce appear and show cause before District Judge Jane Triche Milazzo, Courtroom C-224, 500 Poydras Street, New Orleans, Louisiana 70130, on May 29, 2024, at 9:30

16

a.m., why they should not be adjudged in contempt and sanctioned for that contempt as recommended herein.

**IT IS RECOMMENDED** that Defendants IF&P Holding Company, LLC and MC Produce LLC d/b/a McCartney Produce each be given 30 days (i.e., until June 12, 2024) to comply with the Court's April 18, 2024 Order and file Supplemental Rule 7.1 disclosures naming (and identifying the citizenship of) every individual or entity whose citizenship is attributed to it and to file a notice indicating compliance in the court record;

**IT IS FURTHER RECOMMENDED** that, should Defendant(s) fail to file the compliant Rule 7.1 disclosure as outlined above by June 12, 2024,

(a) an Order be entered holding Defendant(s) in civil contempt for failure to comply with this Court's April 18, 2024 Order directing compliance with Rule 7.1(a)(2);

(b) Each Defendant be ordered to pay $500 per day into the registry of the Court until compliance;

(c) If a Defendant's total fine reaches $10,000 and it has still not complied with the Court's Order, that the Court consider, upon motion by Plaintiff, whether to impose more severe sanctions against Defendant(s); and

(d) Defendant(s) be advised that each may, at any time, purge contempt by complying with the Court's Order by filing a Rule 7.1 corporate disclosure that fully complies with the Rule's mandate that it name—and identify the citizenship of—every individual or entity whose citizenship is attributed to it, along with a notice of compliance notifying the Court that it has done so.

**<u>NOTICE OF OPPORTUNITY TO OBJECT</u>**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[45]

New Orleans, Louisiana, this __16th__ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[45] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).